UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EDWARD D. PAYNE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 25-cv-11878-ADB |
| | * | |
| FRANK BISIGNANO, Commissioner of | * | |
| Social Security, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiff Edward Payne ("Plaintiff") has filed a motion for attorney's fees pursuant to the

Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $15,156, [ECF No.

23 ("Motion for Fees")], which Defendant Frank Bisignano ("Defendant"), the Commissioner of

the Social Security Administration, opposes, [ECF No. 25].  For the following reasons,

Plaintiff's motion for fees, [ECF No. 23], is **GRANTED IN PART**.

I.      BACKGROUND

A.      Procedural History

Plaintiff has been receiving Supplemental Security Income (SSI) benefits under Title

XVI of the Social Security Act since approximately 2000.  [ECF No. 1 ("Complaint" or

"Compl.") ¶ 5].  In January 2019, Plaintiff was determined to no longer be disabled, and that

determination was upheld upon reconsideration after a hearing by a Disability Hearing Officer.

[Id. ¶¶ 7–8].  In November 2021, an Administrative Law Judge ("ALJ") upheld the determination, [id. ¶¶ 8–10], and Plaintiff requested review by the Appeals Council, [id. ¶ 11].  The Appeals Council vacated the decision and remanded the case for an ALJ to conduct another hearing.  [Id.].  In May 2024, an ALJ upheld the termination of Plaintiff's claim for SSI benefits, [id. ¶ 14], and the Appeals Council denied Plaintiff's request for a review, [id. ¶ 15].

On July 1, 2025, Plaintiff filed his Complaint requesting that the Court reverse Defendant's decision to terminate Plaintiff's disability benefits, remand the case for further proceedings, and award reasonable attorney's fees and costs pursuant to the EAJA.  [Compl. ¶¶ 17–19].  Plaintiff filed his initial brief in support of his Complaint on November 24, 2025.  [ECF No. 15 ("Initial Brief")].  On January 14, 2026, Defendant filed an assented-to motion to remand Plaintiff's case to the agency, [ECF No. 19], which the Court granted the same day, [ECF No. 21].

Plaintiff filed his Motion for Fees on April 2, 2026, requesting $15,156 in attorneys' fees.  [Motion for Fees].  On April 16, 2026, Defendant filed a partial opposition, objecting only to the amount of fees requested.  [ECF No. 25].  Plaintiff filed a reply on May 18, 2026, assenting to the use of the lower rate proposed by Defendant for two of his three attorneys and reducing his total amount requested to $13,515.74.[1]  [ECF No. 29 at 1].

---

[1] Per the Court's calculations, using Plaintiff's original time records and the lower, agreed upon billing rates, the adjusted award request would be slightly greater than $13,515.74, and it is unclear to the Court how Plaintiff arrived at the  $13,515.74.  Because the Court has deemed further reductions are warranted, however, it will use $13,515.74 as the starting point for additional adjustments and finds that a total award of $7,335.99 is appropriate based on the factors discussed infra.

### B.      Plaintiff's Fees Request

Plaintiff has submitted a statement with time entries and hourly rates for the three attorneys who prepared his Complaint and Initial Brief.  [ECF No. 24-2].  In his fees request, Plaintiff has reduced both the hourly rates for his attorneys and the number of hours expended to align somewhat more closely with average Social Security fee awards.  [ECF No. 24 at 11]; [ECF No. 29 at 1].  Plaintiff requests attorney's fees for a total of 60 hours from three different attorneys: Andrew Nebenzahl, Aimée Goulding, and Daniel Smith.  [ECF No. 24-1]; [ECF No. 24-2].  The parties agree that attorneys Nebenzahl and Goulding should be compensated at the hourly rate of $247.19 and attorney Smith at the hourly rate of $195.  [ECF No. 25 at 3–4]; [ECF No. 29 at 1].

## II.      DISCUSSION

### A.      Legal Standard

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses, in addition to any costs . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action."  28 U.S.C. § 2412(d)(1)(A).  "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ."  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."  Id. at 437.  The district court then reviews the fee request and excludes hours that were not "reasonably expended."  Id. at 434.  There is "no precise rule or formula" for determining fee reductions in this context, and the "district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the

3

award . . . . The court necessarily has discretion in making this equitable judgment." Id. at 436–37.  The average number of hours for which fees are awarded in "a typical Social Security appeal" is between 20 and 40 hours.  Cano v. Saul, 505 F. Supp. 3d 20, 24 (D. Mass. 2020) (collecting cases).

### B.    The Reasonableness of the Requested Hours

Because the parties agree on the hourly rates applicable to Plaintiff's fee request, the Court will focus its analysis on the reasonableness of the number of hours expended.  Defendant contends that, based on the 20 to 40 average number of hours expended on Social Security cases, [ECF No. 25 at 1 (citing Cano, 505 F. Supp. 3d at 24)], Plaintiff's request for 60 billable hours is unreasonable.  [Id. at 5–7].  Defendant's objections fall into four main categories:  (1) attorneys Nebenzahl and Goulding should have worked more efficiently due to their considerable legal experience and familiarity with Plaintiff; (2) attorney Smith should not be compensated for extra time due to his inexperience; (3) Plaintiff's briefing was duplicative of his administrative filings; and (4) the matter was voluntarily remanded without a hearing or additional briefing.  [Id.].  The Court will consider the third and fourth objections together.

### 1.    Efficiencies

Defendant argues that attorneys Nebenzahl and Goulding have more than 60 years of combined experience litigating cases, including Social Security cases, [ECF No. 25 at 5], and that Nebenzahl's familiarity with Plaintiff's case should have resulted in increased efficiencies, [id. at 6].  Plaintiff argues that attorney Nebenzahl had no familiarity with his case before April 2024, immediately before his ALJ hearing, that attorney Smith performed the bulk of the work on this matter, and that attorneys Nebenzahl and Goulding do not regularly handle Social Security cases.  [ECF No. 29 at 3–4].

While other courts in the First Circuit have found that an attorney's experience and familiarity with a case should increase billing efficiency, the case cited by Defendant, [ECF No. 25 at 5], involves substantial hours billed for record review, Staples v. Berryhill, No. 15-cv-00392, 2017 WL 2570890, at *3 (D. Me. June 13, 2017); see also Brennan v. Barnhart, No. 05-cv-00123, 2007 WL 586794, at *2 (D. Me. Feb. 20, 2007) ("Familiarity with the underlying materials concededly should speed the record-review process."), whereas here, attorneys Nebenzahl and Goulding have billed primarily for drafting and reviewing Plaintiff's Complaint and Initial Brief, see [ECF No. 24-2]. Plaintiff has shown that Nebenzahl and Goulding have little recent experience litigating Social Security cases that would increase their billing efficiency. [ECF No. 29-1 ¶ 2]; see Staples, 2017 WL 2570890, at *4 (reducing amount of fees awarded due, in part, to counsel's experience as a Social Security practitioner). Further, Defendant has not shown that Nebenzahl's prior familiarity with his client's case was so unusual as to warrant special consideration.

### 2.     Attorney Smith's inexperience

Next, Defendant takes issue with Plaintiff's request for fees for attorney Smith's time because he is a newly barred attorney and the EAJA is not intended to subsidize training for new attorneys. [ECF No. 25 at 5–6]. While the First Circuit has held that EAJA fee awards are not meant to serve as "continuing education programs," at the same time it has emphasized that work by multiple attorneys on the same task is not necessarily duplicative and careful preparation often involves a team of lawyers. Castaneda-Castillo v. Holder, 723 F.3d 48, 80 (1st Cir. 2013) (quoting Lipsett v. Blanco, 975 F.2d 934, 938 (1st Cir.1992)) (holding that second attorney's attendance at oral argument was not unnecessarily duplicative considering the complicated nature of the case and the second attorney's involvement in preparations).

Based on a review of his time entries, the Court does not find that attorney Smith's work on this matter was unnecessary or inefficient.  His hours are being compensated at a lower rate, commensurate with his experience level, see [ECF No. 25 at 4]; [ECF No. 29 at 1 (agreeing to use a rate of $195 for Smith compared to $247.19 for Nebenzahl and Goulding)], only a portion of Smith's actual hours are included in the fee request, see [ECF No. 29 at 5 (stating that Smith's requested hours were reduced from 35 hours to approximately 12 hours)], and Smith's time entries reflect reasonable work performed on the matter at hand, see [ECF No. 24-2 at 2].

### 3.    Duplicative briefing and the limited nature of the proceeding

Finally, Defendant argues that Plaintiff's requested fees are unreasonable because his Complaint and Initial Brief raised the same arguments as those made in his brief to the Appeals Council, [ECF No. 25 at 6], and that, because of the voluntary remand, Plaintiff's attorneys were not required to spend time preparing for a hearing or drafting additional briefing, [id. at 7]. Plaintiff contends that his Initial Brief discussed at least two issues beyond those addressed at the administrative level, that in a case this complex, the drafting and editing process takes considerable time, and that additional time was necessary to achieve a quick resolution of the case.  [ECF No. 29 at 2–3].

While the Court agrees that quality drafting takes time, given the significant overlap between the issues in this matter and those raised before the Appeals Council, as well as the limited nature of the matter, the Court finds that 60 hours of attorney time is unreasonable. Plaintiff's fees request includes more than 36 hours of time that attorneys Nebenzahl and Goulding spent reviewing and editing the Complaint and Initial Brief, see [ECF No. 24-2 at 2–3]. The Court finds this amount to be unreasonable, particularly considering that, in his fees request, Plaintiff claims that attorney Smith conducted "a vast majority of the work" on this matter.

[ECF No. 29 at 4]. The Court will, therefore, reduce Plaintiff's fee award by 25 hours of time billed at the rate of attorneys Nebenzahl and Goulding, which yields a revised total fee award of $7,335.99. This still represents a hefty fee given the circumstances of this case and counsel are encouraged to avoid duplication of effort and maximize efficiencies where possible.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorney's fees under the EAJA, [ECF No. 23], is **GRANTED IN PART**. The Court orders that Plaintiff is awarded a total of $7,335.99 in attorney's fees and expenses pursuant to the EAJA.

**SO ORDERED.**

June 25, 2026                                              */s/ Allison D. Burroughs*
                                                          ALLISON D. BURROUGHS
                                                          U.S. DISTRICT JUDGE